UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WARD TECHNICAL PRODUCTS, INC.,<br><br>Defendant. | No. 2:22-cv-02312-DAD-DB<br><br>ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION TO SERVE DEFENDANT THROUGH THE CALIFORNIA SECRETARY OF STATE<br><br>(Doc. No. 4) |

Currently before the court is plaintiff Pension Benefit Guaranty Corporation's *ex parte* application for an order authorizing service of defendant Ward Technical Products, Inc. by hand delivery of the summons and complaint to the California Secretary of State. (Doc. No. 4.) On February 2, 2023, plaintiff's application was taken under submission on the papers. (Doc. No. 5.) For the reasons set forth below, plaintiff's application will be granted.

**BACKGROUND**

Plaintiff is a wholly owned United States government corporation and agency established to administer the pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1301–1461. (Doc. No. 4 at 1–2.) Defendant is a California corporation that operated at 853 Cotting Court # B, Vacaville,

/////

1

California, and it is the plan administrator of the SPI Control System Pension Plan (the "Pension Plan"). (*Id.* at 2.)

On December 29, 2022, plaintiff filed a complaint against defendant initiating this action under 29 U.S.C. §§ 1342(c) and 1348(a), seeking an order (a) terminating the Pension Plan, (b) appointing plaintiff as statutory trustee of the Pension Plan, (c) establishing May 31, 2019 as the termination date for the Pension Plan, and (d) directing defendant and any other person or entity having possession, custody, or control of any records, assets, or other property of the Pension Plan, to transfer, convey, and deliver all such records, assets, and property to plaintiff. (Doc. No. 1 at 1–2.)

On February 1, 2023, plaintiff filed the pending *ex parte* application. (Doc. No. 4.) In its application, plaintiff seeks approval to make alternative service on defendant by serving the California Secretary of State pursuant to the California Corporations Code § 1702(a), contending that it is unable to complete service pursuant to California Code of Civil Procedure §§ 415.10, 415.20, 415.30, 416.10, or 416.20. (*Id.* at 3.)

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 4(h)(1)(A) allows for service on a corporation in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1)(A). In turn, Rule 4(e)(1) allows a plaintiff to serve process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

Pursuant to California law, when a plaintiff cannot with "reasonable diligence" locate a defendant's designated agent or any other person authorized to receive service, California Corporations Code § 1702(a) permits an application for a court order that service be made by hand delivery of the summons and complaint to the California Secretary of State:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the

2

> manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

Cal. Corp. Code § 1702(a). "'[A]s a condition precedent to the issuance of an order for such substituted service' a plaintiff's affidavit must establish that 'the corporation cannot be served with the exercise of due diligence in any other manner provided by law.'" *Viewtech, Inc. v. Skytech USA, Inc.*, No. 07-cv-541-L-NLS, 2007 WL 1429903, at *1 (S.D. Cal. May 14, 2007) (citing *Batte v. Bandy*, 165 Cal. App. 2d 527, 535 (1958)).

California Code of Civil Procedure §§ 415.10, 415.20, and 415.30 provide the rules for personal service, substitute service, and service by mail, whereas §§ 416.10 and 416.20 provide the rules governing service on a corporation. In addition to delivery to a designated agent, § 416.10 provides that a summons may be served on a corporation "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(b). Section 416.20 prescribes service on a corporation that "has forfeited its charter or right to do business" or "dissolved." *Id.* § 416.20(a).

**ANALYSIS**

Plaintiff seeks to serve defendant through the California Secretary of State. The court must analyze whether the conditions set forth in California Corporation Code § 1702(a) have been satisfied, including, in particular, whether plaintiff has demonstrated its inability to effect service on the designated agent in the manner provided for in California Code of Civil Procedure §§ 415.10, 415.20(a), and 415.30(a); or upon the corporation in the manner provided for in §§ 416.10 or 416.20(a). *See* Cal. Corp. Code § 1702(a).

/////

3

1    In its pending application, plaintiff contends that defendant's registered agent for service
2 of process—Mr. Charles Ward—passed away; that defendant Ward Technical Products, Inc. has
3 ceased operations and has not designated another agent; and that defendant does not have any
4 other officers or agents. (Doc. No. 4 at 2–3.) Plaintiff has also attached Mr. Ward's death
5 certificate as an exhibit to its pending application. (*Id.* at 10.) In light of Mr. Ward's death, the
6 court finds that the summons and complaint cannot be served, despite the exercise of reasonable
7 diligence, on defendant's designated agent by personal service, substitute service, or service by
8 mail with acknowledgment of receipt in the manner provided in California Code of Civil
9 Procedure § §§ 415.10, 415.20(a), 415.30(a). Nor can service be effected on the corporation in
10 the manner provided in California Code of Civil Procedure § 416.10(a), which authorizes service
11 on "the person designated as agent for service of process." Cal. Civ. Proc. Code § 416.10(a).
12    Moreover, service on defendant pursuant to California Code of Civil Procedure §
13 416.10(b) cannot be reasonably effected because plaintiff has shown that there are no living
14 individuals affiliated with defendant. *See* Cal. Civ. Proc. Code § 416.10(b) (stating that service
15 upon a corporation may be made by delivering a copy of the summons and complaint "[t]o
16 president, chief executive officer, or other head of the corporation, a vice president, a secretary or
17 assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a
18 general manager, or a person authorized by the corporation to receive service of process").
19 Plaintiff's counsel, William Mabry IV, filed a declaration in support of the pending application.
20 The following account is derived from Mr. Mabry's declaration and the exhibits attached thereto.
21 On September 6, 2022, plaintiff sent an email to Mr. Ward's son, Mr. Kevin Ward, requesting
22 that Mr. Kevin Ward execute an agreement terminating the Pension Plan, establishing the Pension
23 Plan's termination date, and appointing plaintiff as trustee of the Pension Plan under 29 U.S.C. §
24 1342(c). (Doc. No. 4 at 7.) On September 7, 2022, Mr. Kevin Ward responded that he could not
25 execute the agreement on behalf of the company as he was not a trustee of SPI Control Systems
26 Pension and was not an officer of defendant Ward Technical Products. (*Id.* at 7, 17.) Mr. Kevin
27 Ward further stated that Mr. Ward does not have an executor for his estate and that "[t]here is no
28 one else that could sign on behalf of Ward Technical Products." (*Id.* at 8, 17.) Plaintiff's counsel

1  attested that he was informed and believes that Mr. Ward was the director, president, and 100

2  percent owner of defendant and that on or before May 31, 2019, defendant terminated its

3  employees.  (*Id.* at 7.)  Thus, according to plaintiff, defendant Ward Technical Products, Inc. has

4  no officers or agents.  (*Id.* at 3.)  As such, the court concludes that service cannot be effected,

5  despite the exercise of reasonable diligence by plaintiff, on the corporation in the manner

6  provided in California Code of Civil Procedure § 416.10(b).

7  Plaintiff has also demonstrated that it cannot effect service on defendant pursuant to

8  California Codes of Civil Procedure § 416.20, which provides a means to serve a summons on a

9  corporation that has dissolved or has forfeited its charter or right to do business.  Cal. Civ. Proc.

10  Code § 416.20(a).  Specifically, § 416.20(a) provides that a summons may be served "[t]o a

11  person who is a trustee of the corporation and of its stockholders or members" or as authorized by

12  certain sections of the California Corporations Code.  *Id.* § 416.20(a)–(b).  Here, plaintiff does not

13  clearly allege that defendant is dissolved or forfeited its charter or right to do business.  Rather,

14  plaintiff only alleges that defendant is listed as "Suspended – FTB/SOS" on the California

15  Secretary of State website.  (Doc. No. 4 at 2, 7, 12); *see Dakavia Mgmt. Corp. v. Bigelow*, No.

16  1:20-cv-00448-NONE-SKO, 2020 WL 2112261, at *2 (E.D. Cal. May 4, 2020) (declining to

17  analyze whether service could be effected under California Codes of Civil Procedure § 416.20

18  where the plaintiff did not allege that the defendant was dissolved or forfeited its charter or right

19  to do business).  However, as noted above, plaintiff did contact Mr. Ward's son, Mr. Kevin Ward,

20  by email, and Mr. Kevin Ward replied that there was "no one else that could sign on behalf of

21  Ward Technical Products."  (Doc. No. 4 at 8, 17.)  Thus, even if defendant is dissolved or has

22  forfeited its charter or right to do business, the court concludes that service on defendant pursuant

23  to California Code of Civil Procedure § 416.20 cannot be reasonably effected.

24  Finally, a motion for an order to serve a corporation pursuant to California Corporations

25  Code § 1702(a) requires an affidavit stating that the corporation cannot be served with reasonable

26  diligence.  Plaintiff has fulfilled this requirement by submitting a declaration along with the

27  pending application, in which plaintiff shows that it has been reasonably diligent in attempting to

28  give defendant actual notice of the pendency of the action.  For example, plaintiff contacted Mr.

1  Ward's son, Mr. Kevin Ward, in an attempt to locate a suitable person to serve.  (*See* Doc. No. 4
2  at 3); *see also Minden Pictures, Inc. v. Interpac Yachts, Inc.*, No. 20-cv-739-WQH-BLM, 2020
3  WL 5363304, at *2 (S.D. Cal. Sept. 8, 2020) (finding that the plaintiff had demonstrated
4  reasonable diligence where it "presented evidence that it attempted to serve Defendant at its
5  address registered with the Secretary of State by mail and attempted to personally serve
6  Defendant's CEO, CFO, Secretary, and Registered Agent for Service three times" and "presented
7  evidence that it attempted to locate other addresses for Defendant and for other agents or officers
8  of Defendant"); *James River Ins. Co. v. Discovery Glass, Inc.*, No. 1:19-cv-00376-LJO-BAM,
9  2019 WL 2410721, at *2 (E.D. Cal. June 7, 2019) (concluding that the plaintiff had demonstrated
10 reasonable diligence in attempting to serve the registered agent for the defendant at the address
11 designated for personal delivery and at the address designated with the Secretary of State).

12      In sum, based on showing made by plaintiff, the court finds that plaintiff has adequately
13 demonstrated that process cannot be served with reasonable diligence on the designated agent in
14 the manner provided in California Code of Civil Procedure §§ 415.10, 415.20(a), and 415.30(a);
15 or upon the corporation in the manner provided in §§ 416.10 or 416.20(a).  Accordingly, the court
16 will grant plaintiff leave to serve defendant by service upon the Secretary of State of California
17 pursuant to California Corporations Code § 1702(a).

## CONCLUSION

19      For the reasons explained above, plaintiff's *ex parte* application to serve defendant by
20 serving the California Secretary of State as set forth in California Corporations Code § 1702(a)
21 (Doc. No. 4) is granted.

22      IT IS SO ORDERED.

23 Dated:   **April 13, 2023**                                 /s/ Dale A. Drozd
24                                                       UNITED STATES DISTRICT JUDGE