UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WARD TECHNICAL PRODUCTS, INC., as administrator of the SPI Control Systems Pension Plan,<br><br>Defendant. | No.  2:22-cv-2312-DAD-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Pursuant to to Local Rule 302(c)(19), Plaintiff Pension Benefit Guaranty Corporation's ("Plaintiff" or "PBGC") motion for a default judgment (ECF No. 13) was heard by Magistrate Judge Barnes on December 22, 2023.  No appearance was made by Defendant or on its behalf.  The motion remained undecided when this matter was reassigned to the undersigned on August 6, 2024 (ECF No. 18).  The undersigned hereby recommends that the motion be granted.

**BACKGROUND**

Plaintiff initiated this action on December 29, 2022.  ECF No. 1.  Plaintiff brings this action under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1301-1461.  Plaintiff seeks an order: 1) terminating the SPI Control

1

Systems Pension Plan (hereafter "Pension Plan"); 2) appointing Plaintiff as statutory trustee of the Pension Plan; 3) establishing May 31, 2019, as the termination date of the Pension Plan; and 4) directing Defendant Ward Technical Products ("Defendant") and any other person or entity having possession, custody, or control of any records, assets, or other property of the Pension Plan, to transfer or convey such property to Plaintiff.  ECF No. 1 at 1-2.

Plaintiff is a wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the defined benefit pension plan termination insurance program under Title IV of ERISA.  ECF No. 1 at ¶ 3.  Defendant was a California corporation located in Vacaville, California and is the plan administrator of Pension Plan.  *Id.* at ¶ 4.  The Pension Plan was established in 1994 and had three participants.  *Id.* at ¶¶ 6-7.  On May 29, 2019, the California Secretary of State suspended Defendant's corporate status.  *Id.* at 15.  On September 13, 2020, Mr. Charles Ward, the Defendant's Director, President, and 100% owner passed away.  *Id.* at ¶¶ 10, 17.

Plaintiff filed proof of service on Defendant on April 27, 2023.  ECF No. 10.  The Court had previously granted Plaintiff's motion to approve alternative service (ECF No. 4) and authorized service via the California Secretary of State.  ECF No. 9.  Plaintiff then requested the Clerk of the Court enter default (ECF No. 11), which the Clerk did on June 15, 2023.  ECF No. 13.  On June 28, 2023, Plaintiff moved for default judgment.  ECF No. 13.  Judge Barnes heard the motion on December 22, 2024.  ECF No. 28.  Attorney William Mabry appeared on behalf of Plaintiff, and no appearance was made by Defendant or on its behalf.  ECF No. 17.  The undersigned has reviewed and considered the audio recording of the brief motion hearing.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55 governs applications to the court for default judgment. Upon entry of default, the complaint's well-pled factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Pope v. United States*, 323 U.S. 1 (1944); *Geddes v. United Fin. Group*, 559 F.2d 557 (9th Cir. 1977).

Granting or denying default judgment is within the court's sound discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court considers a variety of factors in exercising its discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among them are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

**ANALYSIS**

**1. The *Eitel* Factors Favor Entry of Default Judgment**

    **a. Possibility of Prejudice to the Plaintiff**

The first *Eitel* factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Prejudice can be established where failure to enter a default judgment would leave plaintiff without a proper remedy. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). Here, Plaintiff would be left without recourse. *See Pension Benefit Guaranty Corp. v. Ocean Label, Inc.*, 2015 WL 237831 at *5 (N.D. Cal. Jan. 16, 2015) ("under 29 U.S.C. § 1342(c), a pension plan can be terminated only by consent of the pension plan's administrator or by decree of a district court … default makes it impossible to terminate the Pension Plan consensually, leaving a court order as the only option."). Since Defendant failed to appear in this action, denial of default judgment would leave Plaintiff no remedy. Accordingly, the first factor weighs in favor of default judgment.

    **b. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors jointly examine whether the plaintiff has pleaded facts sufficient to establish and succeed upon its claims. *Pepsico, Inc.*, 238 F.Supp.2d at 1175 (citing *Kleopping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. Feb. 14, 1996)). Plaintiff's motion for default judgment seeks to have the Pension Plan terminated, to have Plaintiff appointed as statutory trustee, to establish the termination date of the Pension Plan, and to direct

3

the transfer of records, assets, and property of the Pension Plan to Plaintiff. *See* Proposed Order at ECF No. 14.

As context, it is worth recounting the Supreme Court's explanation of Plaintiff PBGC's role and powers:

> PBGC is a wholly owned United States Government corporation, modeled after the Federal Deposit Insurance Corporation. The Board of Directors of the PBGC consists of the Secretaries of the Treasury, Labor, and Commerce. The PBGC administers and enforces Title IV of ERISA. Title IV includes a mandatory Government insurance program that protects the pension benefits of over 30 million private-sector American workers who participate in plans covered by the Title. In enacting Title IV, Congress sought to ensure that employees and their beneficiaries would not be completely "deprived of anticipated retirement benefits by the termination of pension plans before sufficient funds have been accumulated in the plans."
>
> … Section 4042 of ERISA provides that the PBGC may terminate a plan whenever it determines that:
>
> > "(1) the plan has not met the minimum funding standard required under section 412 of title 26, or has been notified by the Secretary of the Treasury that a notice of deficiency under section 6212 of title 26 has been mailed with respect to the tax imposed under section 4971(a) of title 26,
> > "(2) the plan will be unable to pay benefits when due,
> > "(3) the reportable event described in section 1343([c])(7) of this title has occurred, or
> > "(4) the possible long-run loss of the [PBGC] with respect to the plan may reasonably be expected to increase unreasonably if the plan is not terminated."
>
> 29 U.S.C. § 1342(a).

*Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 636–40 (1990) (citations and footnotes omitted).

Plaintiff alleged that the Pension Plan is a single employer, defined benefit plan, covered by Title IV of ERISA and that it has three participants. ECF No. 1 at ¶¶ 5, 7. Plaintiff alleged that Defendant's director used the Pension Plan's assets to make a series of loans to himself and that such loans violated ERISA's prohibited transaction rules. *Id.* at ¶¶ 10-13. Plaintiff alleged that the Defendant was experiencing cash flow problems and the California Secretary of State suspended Defendant's corporate status on May 29, 2019. *Id.* at ¶ 15. On or before May 31, 2019, Defendant ceased all operations and terminated its employees. *Id.* at ¶ 16. And on September 13, 2020, Mr. Ward passed away, which left no one to fund or administer the Pension Plan. *Id.* at ¶ 17.

Plaintiff alleged that under 29 U.S.C. § 1342, it is authorized to commence proceedings to terminate a plan when it determines the plan is unable to pay benefits, and that Plaintiff has made such determination. *Id.* at ¶¶ 18-19. On September 6, 2022, Plaintiff issued a Notice of Determination to Defendant stating it had determined that the Pension Plan will be unable to pay benefits when due. *Id.* at ¶ 20. Plaintiff states the Pension Plan is underfunded by approximately $669,830. *Id.* at ¶ 23. Because Plaintiff and Defendant have not agreed on a termination date for the Pension Plan, Plaintiff asks the Court to make the determination under § 1348(a)(4).

In consideration of Plaintiff's allegations and the applicable law, the Court finds that Plaintiff has sufficiently alleged its claims and that those claims have merit.

### c. Sum of Money at Stake

In weighing the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *PepsiCo, Inc.*, 238 F.Supp.2d at 1176-77. The factor weighs against default judgment when a large sum of money is at stake. *Eitel*, 782 F. 2d. at 1472. Here, Plaintiff does not seek a monetary award, and this factor does not weigh against default judgment.

### d. Possibility of Disputed Material Facts

The fifth *Eitel* factor examines whether a dispute regarding material facts exists. *Eitel*, 782 F.2d. at 1471-72. Here, Defendant failed to appear leading to an entry of default. Given the circumstances of Defendant's corporate status being suspended and the death of its owner, there appears to be no possibility for a dispute of material fact. *See Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"). This factor weighs in favor of a default judgment.

### e. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers whether a defendant's failure to answer is due to excusable neglect. *Eitel*, 782 F.2d at 1471-72. This factor considers due process, ensuring a defendant is given reasonable notice of the action. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Here, Defendant was properly served with a copy of the complaint.  Additionally, the request for the Clerk to enter default (ECF No. 11) was served on Defendant.  Further, Plaintiff's motion for approval of alternate service set forth that after Defendant's Director, Charles Ward, passed away, counsel attempted to resolve the issues herein by contacting Charles Ward's son. ECF No. 4 at 3.  Under the circumstances, it is unlikely that the Defendant's inaction was the result of excusable neglect.  *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants were served with the complaint, the notice of entry of default, as well as the papers in support of the instant motion).  This factor does not weigh against default judgment.

### f. Policy of Deciding Cases on the Merits

The seventh *Eitel* factor considers the courts' general disposition favoring judgments on the merits.  *Eitel* 782 F.2d at 1472.  The Defendant's failure to appear has made a judgment on the merits impossible.  Accordingly, this factor does not weigh strongly against a default judgment.  In consideration of all the *Eitel* factors, the undersigned finds the factors weigh in favor of granting Plaintiff's motion for default judgment.

## 2. The Relief Sought

Plaintiff seeks a default judgment (1) terminating the Pension Plan, (2) appointing Plaintiff as the Pension Plan's statutory trustee, (3) establishing May 31, 2019 as the Pension Plan's termination date, and (4) directing all persons having possession, custody, or control of any records, assets, or other property of the Pension Plan to transfer such items to Plaintiff.  ECF No. 14.  As set forth above, Plaintiff has sufficiently alleged that it may seek to have the Pension Plan terminated under 29 U.S.C. § 1342(a)(2) and (c) and have itself appointed as the statutory trustee under § 1342(b)(1).

As for the termination date, the Court may establish it under 29 U.S.C. § 1348(a)(4).  Plaintiff asserts that May 31, 2019 is an appropriate date because the California Secretary of State suspended Defendant's corporate status on May 29, 2019, and by May 31, 2019, Defendant ceased all operation and terminated its employees.  ECF No. 1 at ¶¶ 15-16.  Plaintiff's Notice of Determination informed that it would seek to have May 31, 2019 established as the termination

date. ECF No. 1-2. May 31, 2019 is accordingly an appropriate date.

As for the transfer of Pension Plan records, assets, and property, the Court finds Plaintiff's request is appropriate. Section 1342(d)(1)(A)(ii) provides that the statutory trustee has the power "to require the transfer of all (or any part) of the assets and records of the plan to himself as trustee." The Court finds that this relief too is appropriate. *See Pension Benefit Guaranty Corp. v. Beverly Hills South Pacific Surgery Center*, 2017 WL 8222633 (C.D. Cal. Aug. 28, 2017) (establishing plan termination date, appointing Plaintiff as statutory trustee, and ordering transfer of assets and records); *Ocean Label, Inc.*, 2015 WL 237831 at *6 (N.D. Cal. Jan. 16, 2015) (same).

## CONCLUSION

Having considered the *Eitel* factors, the undersigned finds they weigh in favor of a default judgment for Plaintiff.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 13) be GRANTED, and the Court enter Judgment ordering that:
   a. The SPI Control Systems Pension Plan (the "Pension Plan") is terminated pursuant to 29 U.S.C. § 1342(c);
   b. Plaintiff is appointed as statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(c);
   c. It is established that May 31, 2019, is the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4); and
   d. The Defendant and any other person or entity having possession, custody, or control of any records, assets, or other property of the Pension Plan is directed to transfer, convey, and deliver all such records, assets, and other property to Plaintiff as statutory trustee of the Pension Plan upon request under 29 U.S.C. § 1342(d)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14)

days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 27, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE