UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION BENEFITY GUARANTY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WARD TECHNICAL PRODUCTS, INC,<br><br>Defendant. | No.  2:22-cv-02312-DAD-SCR<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. Nos. 13, 20) |

On December 29, 2022, plaintiff Pension Benefit Guaranty Corporation filed this civil action against defendant Ward Technical Products, Inc.  (Doc. No. 1.)  On April 14, 2023, the court issued an order granting plaintiff's *ex parte* application to serve defendant through the California Secretary of State.  (Doc. No. 9 at 6.)  The Clerk of the Court entered default as to defendant because it was served with the summons and complaint and did not file a timely answer, responsive pleading, or otherwise appear in this action.  (Doc. Nos. 10, 11, 12.)  On June 28, 2023, plaintiff filed the pending motion for default judgment.  (Doc. No. 13.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 302.[1]

---

[1] On August 6, 2024, this case was reassigned to United States Magistrate Judge Sean C. Riordan.  (Doc. No. 18.)

1

On December 27, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for default judgment be granted. (Doc. No. 20 at 7.) Specifically, the magistrate judge concluded that denial of the pending motion would leave plaintiff without a remedy; that plaintiff has sufficiently alleged its claims and that those claims have merit; that plaintiff does not seek a monetary award; that there appears to be no possibility for a dispute of material fact in light of defendant's corporate status being suspended and the death of defendant's owner; that is unlikely under the circumstances that defendant's inaction was the result of excusable neglect; and that defendant's failure to appear has made a judgment on the merits impossible. (*Id.* at 3–6.) As a result, the magistrate judge concluded that the *Eitel* factors weigh in favor of granting the pending motion for default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The magistrate judge therefore recommended that the court issue an order entering judgment and ordering that the SPI Control Systems Pension Plan ("the Pension Plan") be terminated pursuant to 29 U.S.C. § 1342(c); that plaintiff be appointed as statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342; that May 31, 2019 be established as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4); and that defendant and any other person or entity having possession, custody, or control of any records, assets, or other property of the Pension Plan be directed to transfer, convey, and deliver all such records, assets, and other property to plaintiff as statutory trustee of the Pension Plan upon request under 29 U.S.C. § 1342(d)(1). (Doc. No. 20 at 7.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 7–8.) To date, no objections to the findings and recommendations have been filed, and the time in which to do so has long since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

/////

/////

Accordingly:

1. The findings and recommendations issued on December 27, 2024 (Doc. No. 20) are ADOPTED in full;

2. Plaintiff's motion for default judgment (Doc. No. 13) is GRANTED;

    a. Plaintiff is appointed as statutory trustee of the SPI Control Systems Pension Plan ("the Pension Plan") pursuant to 29 U.S.C. § 1342;

    b. The Pension Plan is terminated pursuant to 29 U.S.C. § 1342(c);

    c. It is established that May 31, 2019 is the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4);

    d. Defendant and any other person or entity having possession, custody, or control of any records, assets, or other property of the Pension Plan is directed to transfer, convey, and deliver all such records, assets, and other property to plaintiff as statutory trustee of the Pension Plan upon request under 29 U.S.C. § 1342(d)(1); and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 25, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE